THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONALD PALMER, JR.,

    Plaintiff,

v.

BLACK & DECKER (U.S.) INC,
d/b/a DEWALT INDUSTRIAL
TOOL COMPANY, et al.,

    Defendants.

3:20-CV-1084
(JUDGE MARIANI)

## MEMORANDUM OPINION

### I. INTRODUCTION

The above-captioned action was filed on December 23, 2019 (Doc. 1) in the United States District Court for the Eastern District of Pennsylvania. In June 2020, the action was transferred to the United States District Court for the Middle District of Pennsylvania. The Complaint arises out of Plaintiff's slip-and-fall on ice in January of 2018 while wearing a DeWalt heated jacket. Plaintiff, Donald Palmer, Jr., asserts claims against Defendants Black & Decker (U.S.) Inc. d/b/a DeWalt Industrial Tool Company and Stanley Black & Decker, Inc. d/b/a Mac Tools for Strict Liability (Counts 1, 2), Breach of Warranty (Counts 3, 4), and Negligence (Counts 5, 6).

Trial in this matter is scheduled to commence on June 6, 2022.

Presently before the Court is Plaintiff's Motion in Limine to Preclude the Reports and Expert Testimony of Dr. Laurence R. Wolf and Mr. David Sitter (Doc. 65).

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F.Supp.3d at 406.

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013). *See also, Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008) ("Relevance and prejudice under Rules 401 and 403 are determined in the context of the facts and

arguments in a particular case, and thus are generally not amenable to broad *per se* rules."). Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

### III. ANALYSIS

Plaintiff's Motion *in Limine* (Doc. 65) requests that this Court preclude the expert opinions, through reports or testimony, of Defendants' experts, Dr. Lawrence Wolf and Mr. David Sitter. Plaintiff asserts, and Defendants do not dispute, that the expert reports of Dr. Wolf and Mr. Sitter were served on Plaintiff in September, 2021, and October, 2021, respectively, approximately five months after the expiration of the deadline for the completion of expert discovery. (Doc. 66, at 3). Due to the untimeliness of the disclosure of the expert reports, Plaintiff claims that he is prejudiced and these experts' opinions should not be permitted to be introduced at trial.

As a threshold matter, the Court must determine whether Defendants failed "to provide information or identify a witness as required by Rule 26(a) or (e)." Fed. R. Civ. P. 37(c)(1). Pursuant to Federal Rule of Civil Procedure 26(a)(2), "[i]n addition to the

disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). In the case of expert witnesses who must provide a written report, the disclosure of the expert testimony must include that written report. *Id.* at 26(a)(2)(B). Absent a stipulation or court order, expert disclosures must be made "at least 90 days before the date set for trial or for the case to be ready for trial" or "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." *Id.* at 26(a)(2)(D)(i).

Rule 37 permits a district court to impose sanctions upon a party for, among other things, failing to provide discovery or failing to timely supplement discovery responses. Rule 37(c) provides, in relevant part that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard" may impose other sanctions as set forth in Rule 37(c)(1)(A)-(C).

With respect to the "substantial justification" standard, the Third Circuit has expressed agreement with a Middle District of Pennsylvania Court decision which found that:

4

> "Substantial justification" for the failure to make a required disclosure has been regarded as justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The test of substantial justification is satisfied if there exists a genuine dispute concerning compliance.

*Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119 (3d Cir. 2009)(quoting *Tolerico v. Home Depot*, 205 F.R.D. 169, 175-176 (M.D. Pa. 2002)). In determining whether a party's misconduct is "harmless", a Court must determine whether the misconduct "involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced." *Tolerico*, 205 F.R.D. at 176 (quoting *Stallworth v. E-Z Serve Convenience Stores*, 199 F.R.D. 366, 369, (M.D. Ala. 2001)).

Here, the Court must determine whether the failure was "substantially justified" or "harmless." However, even when the defendants have not satisfied their burden of proving substantial justification or harmlessness, Rule 37(c) still vests this Court with discretion in deciding whether to exclude witnesses or exhibits that were not timely disclosed during pre-trial litigation. *See Tolerico*, 205 F.R.D. at 176 (explaining that exclusion of evidence "is not automatic" under Rule 37(c)(1), and that the "fact that Rule 37(c) prescribes that a court may impose certain sanctions 'in lieu of' exclusion has been regarded as conveying a measure of discretion in determining whether to bar evidence based upon a party's failure to comply with Rule 26(a).").[1]

---

[1] Since the issuance of the *Talerico* decision in 2012, the words "in lieu of" have been replaced by the words "instead of" in Rule 37(c)(1). This linguistic change does not alter the meaning, purpose, or application of Rule 37(c)(1).

5

In determining whether to exclude some or all of a witness's testimony due to the failure of a party to comply with pre-trial requirements, a Court should assess the following factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified,
> (2) the ability of that party to cure the prejudice,
> (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court, and
> (4) bad faith or willfulness in failing to comply with the district court's order.

*Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894, 904-905 (3d Cir. 1977)). See also, *DeMarines v. KLM Royal Dutch Airlines,* 580 F.2d 1193, 1201-1202 (3d Cir. 1978). Additionally, the Court must take into consideration the significance of the practical importance of the excluded evidence. *Konstantopoulos*, 112 F.3d at 719; *DeMarines*, 580 F.2d at 1202; *Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 302 (3d Cir. 1991).

The Third Circuit has cautioned that "the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Meyers,* 559 F.2d at 905 (citing *Dudley v. S. Jersey Metal, Inc.,* 555 F.2d 96, 99 (3d Cir. 1977)). In other words, the "exclusion of evidence is a drastic sanction which must pass the strict *Meyers* test to be upheld." *DeMarines,* 580 F.2d at 1202 (internal citation omitted). The Third Circuit has thus reversed the exclusion of expert testimony by district courts where there is only a "slight deviation from pre-trial notice requirements, and admitting the witness [is] likely to cause

only slight prejudice" to an opposing party who was already aware of the "basic substance of the witness' testimony." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 792 (3d Cir. 1994) (citing *DeMarines*, 580 F.2d at 1202).

Assuming that Defendants' failure to comply with Rule 26(a)(2) was not "substantially justified" or "harmless", an analysis of the *Meyers* factors nonetheless demonstrates that a Rule 37 sanction, and specifically the preclusion of the expert reports and testimony of Dr. Wolf and Mr. Sitter, is not appropriate for a number of reasons.

Here, Plaintiff fails to adequately explain how he would be prejudiced by the report or testimony of Dr. Wolf and Mr. Sitter at trial. Plaintiff asserts that he is "clearly prejudiced by the untimely expert disclosures" because:

> As discovery was already closed when these reports were served, and the case was in the stage of mediation and/or trial, Plaintiff is unable to adequately respond to these reports. Plaintiff does not have the time or opportunity, so close to trial to have his experts prepare appropriate rebuttal reports. Permitting Defendants to rely on these reports, and their expert[s]' anticipated trial testimony, would reward Defendants for their conscious disregard of this Court's authority, while simultaneously prejudicing Plaintiff by preventing him an opportunity to meaningfully respond.

(Doc. 66, at 5).

Plaintiff's assertion that he is prejudiced where he "does not have the time or opportunity" to respond to the reports is disingenuous. Plaintiff received the reports in September and October of 2021. Despite the undisputed untimeliness of Defendants' disclosure of these reports, Plaintiff had approximately 8 months to cure any claimed prejudice. Plaintiff had ample time to request the opportunity to depose Dr. Wolf, to re-

7

depose Mr. Sitter as an expert witness, and/or to ask his own experts to review Dr. Wolf and Mr. Sitter's reports and produce supplemental reports if deemed necessary. Although Defendants' expert reports at issue were undisputedly late, and the Court does not condone such pre-trial litigation lapses, Plaintiff cannot be heard to complain when counsel does not take steps to try to cure or lessen the prejudice from which he claims he now suffers.

Further, Plaintiff has presented the medical and liability expert reports of Dr. Guy Fried and James Glancey. Dr. Fried and Mr. Glancey's reports and opinions go to the heart of Plaintiff's claims as to the nature and severity of Plaintiff's physical injuries, past and future medical care, whether the heated jacket was defectively designed and whether Defendants failed to warn of the hazard of serious injury. Because these expert opinions address central factual issues which the jury must consider in rendering its verdict, the importance of Dr. Wolf and Mr. Sitter's expert reports, and Defendants' ability to attempt to rebut Plaintiff's evidence, is significant.

Finally, while the Court questions why the reports of Dr. Wolf and Mr. Sitter were not completed and provided to Plaintiff until September and October of 2021, there is no basis in the record to support a finding that Defendants' counsel acted in bad faith or willfulness in failing to comply with the pre-trial deadlines. This is particularly so where there is no evidence of record that counsel for Defendants repeatedly failed to comply with other Court orders or have otherwise acted in bad faith during the course of this litigation.

The Court thus finds that a balancing of the *Meyers* factors weighs against the imposition of Rule 37 sanctions, and specifically the preclusion of Dr. Wolf and Mr. Sitter's expert reports and testimony.

## IV. CONCLUSION

For the forgoing reasons, Plaintiff's Motion in Limine to Preclude the Reports and Expert Testimony of Dr. Laurence R. Wolf and Mr. David Sitter (Doc. 65) will be denied. A separate Order follows.

Robert D. Mariani
United States District Judge