THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD PALMER, JR., | : |
| Plaintiff, | : |
| v. | : 3:20-CV-1084 |
| | : (JUDGE MARIANI) |
| BLACK & DECKER (U.S.) INC, d/b/a DEWALT INDUSTRIAL TOOL COMPANY, et al., | : |
| Defendants. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

The above-captioned action was filed on December 23, 2019 (Doc. 1) in the United States District Court for the Eastern District of Pennsylvania. In June 2020, the action was transferred to the United States District Court for the Middle District of Pennsylvania. The Complaint arises out of Plaintiff's slip-and-fall on ice in January of 2018 while wearing a DeWalt heated jacket. Plaintiff, Donald Palmer, Jr., asserts claims against Defendants Black & Decker (U.S.) Inc. d/b/a DeWalt Industrial Tool Company and Stanley Black & Decker, Inc. d/b/a Mac Tools for Strict Liability (Counts 1, 2), Breach of Warranty (Counts 3, 4), and Negligence (Counts 5, 6).

Trial in this matter is scheduled to commence on June 6, 2022.

Presently before the Court are Defendants' Motion in Limine to Preclude Plaintiff's Expert Mr. James Glancey (Doc. 57) and Plaintiff's Motion in Limine to Preclude the Report

and Expert Testimony of Mr. David Sitter (Doc. 67). For the reasons set forth herein, the motions will be denied.

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F.Supp.3d at 406.

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013). *See also,*

*Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008) ("Relevance and prejudice under Rules 401 and 403 are determined in the context of the facts and arguments in a particular case, and thus are generally not amenable to broad *per se* rules."). Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

### III. ANALYSIS

Here, Plaintiff and Defendants have both moved to preclude the reports and testimony of the opposing party's liability expert. Specifically, Plaintiff requests that this Court preclude the report and expert testimony of David Sitter at trial (Doc. 67) and Defendants request that the Court preclude the testimony of James Glancey (Doc. 57).

The Federal Rules of Evidence, and Rule 702 in particular, assign the trial court "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). Pursuant to Federal Rule of Evidence 702,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

3

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The inquiry under Rule 702 is "a flexible one." *Daubert*, 509 U.S. at 594. The overarching subject of the Rule is "the scientific validity and thus the evidentiary relevance and reliability – of the principles that underlie a proposed submission." *Id.* at 594-595.[1] Federal Rule 703, provides in relevant part that:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.

Fed. R. Evid. 703.

"[A]n expert may express an opinion that is based on facts that the expert assumes, but does not know, to be true. It is then up to the party who calls the expert to introduce other evidence establishing the facts assumed by the expert." *Williams v. Illinois*, 567 U.S. 50, 57 (2012) (plurality). Nonetheless, "[t]o the extent that [the expert's] opinions were predicated upon factual assumptions . . . those assumptions 'must find some support in the record.'" *Shaw by Strain v. Stackhouse*, 920 F.2d 1135, 1142 (3d Cir. 1990) (quoting *Penn. Dental Ass'n v. Med. Serv. Ass'n of Penn.*, 745 F.2d 248, 262 (3d Cir.1984)). "An expert

---

[1] Although *Daubert* held that Rule 702 imposes an obligation on the Court to "ensure that any and all scientific testimony . . . is not only relevant, but reliable", this gatekeeping obligation has subsequently been extended to all expert testimony and is not limited only to "scientific" testimony. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999).

4

who testifies primarily from experience must explain 'how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.'" *Trout v. Milton S. Hershey Med. Ctr.*, 576 F.Supp.2d 673, 676 (M.D. Pa. 2008) (quoting *Suter v. Gen. Acc. Ins. Co. of Am.*, 424 F.Supp.2d 781, 788 (D.N.J. 2006) (quoting Fed. R. Evid. 702 advisory committee's note, 2000 amends.)). However, when parties dispute the basis of an expert's conclusions, the Supreme Court has stated that "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence. Additionally, in the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free to direct a judgment." *Daubert*, 509 U.S. at 596; *see also, ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 290 (3d Cir. 2012) (finding the district court correctly noted that although some of Plaintiff's expert's testimony may have been contradicted by other evidence, including the testimony of Defendant's expert, the existence of conflicting evidence was not a basis on which to exclude Plaintiff's expert's testimony because the respective credibility of plaintiff and defendant's experts was a question for the jury to decide.).

In Defendants' *in limine* motion, they request that the Court preclude the testimony of Plaintiff's expert James Glancey (Doc. 57), arguing Mr. Glancey's opinions set forth in his

report are "legal in nature, conclusory, speculative, and unsubstantiated" (*id.* at ¶ 35). Defendants do not challenge Mr. Glancey's credentials, instead moving to preclude Mr. Glancey's testimony on the basis that "it is not based on sufficient facts or data" and therefore "the expected testimony is not the product of reliable principles and methods, and the expert has not reliably applied principles and methods to the facts of this case." (Doc. 58, at 5). Pointing to a number of statements and findings set forth in Mr. Glancey's expert report, Defendants claim that the report is "rife with misinformation" and contains "unsubstantiated" and "inconsistent, incorrect and haphazard assertions" (*id.*, at 2-4, 6-7).

Upon review of Mr. Glancey's report, the parties' briefs, and other supporting documents of record, it is evident that Defendants' arguments are largely an attack on the facts underlying Mr. Glancey's opinions and on his opinions to the extent that those opinions ignore purportedly contrary facts of record. This is insufficient to allow the Court to preclude Mr. Glancey's report and testimony in its entirety. Rather, to the extent that Defendants believe that the opinions of Mr. Glancey are unsubstantiated by the available facts upon which he based his conclusions, or that he relied on incorrect facts in forming his opinions and conclusions, the appropriate remedy is the presentation of contrary evidence and "vigorous" cross-examination of the witnesses.

For similar reasons, Plaintiff's motion to preclude the report and expert testimony of Mr. Sitter (Doc. 67) will be denied. Plaintiff argues that "it does not appear that [Mr. Sitter] has any training or experience as it pertains to biomechanics, falling, or impact hazards",

6

that his opinions are "nothing more than mere denials and unsupported conclusions" and "lack any discernable methodology and show no testing or analysis", and that the opinions are irrelevant and not helpful to the jury. (Doc. 68, at 3).

Mr. Sitter's CV indicates that he is an electrical engineer who currently serves as the Senior Safety Assurance Manager at Stanley Black & Decker, Inc. His stated job description specifies that he participates "in reviews for new product design as well as for major revisions to existing products" and researches "all facets of product safety". Plaintiff admits that Mr. Sitter "may have training and expertise related to general safety standards for battery operated appliances." (Doc. 68, at 5). However, Plaintiff is incorrect in claiming that Mr. Sitter's purported lack of "experience, training or expertise in the areas of biomechanics, falling, or impact hazards" render him unqualified to render "any expert opinion in this action" (Doc. 68, at 5). Mr. Sitter has qualifications as a professional electrical engineer and company safety manager for Black & Decker, and opinions set forth in his report are both relevant and based on facts or data that he has either personally observed or of which he has been made aware. Further, his scientific, technical, or other specialized knowledge may help the trier of fact to understand the evidence or to determine a number of facts in issue. To the extent that Plaintiff believes that Mr. Sitter's credentials and experience do not provide a sufficient basis for his one or more of his opinions, or how his experience is reliably applied to the facts in this case, Plaintiff's beliefs are best brought out during voir dire of the witness. In addition, although the Court acknowledges that Mr.

that his opinions are "nothing more than mere denials and unsupported conclusions" and "lack any discernable methodology and show no testing or analysis", and that the opinions are irrelevant and not helpful to the jury. (Doc. 68, at 3).

Mr. Sitter's CV indicates that he is an electrical engineer who currently serves as the Senior Safety Assurance Manager at Stanley Black & Decker, Inc. His stated job description specifies that he participates "in reviews for new product design as well as for major revisions to existing products" and researches "all facets of product safety". Plaintiff admits that Mr. Sitter "may have training and expertise related to general safety standards for battery operated appliances." (Doc. 68, at 5). However, Plaintiff is incorrect in claiming that Mr. Sitter's purported lack of "experience, training or expertise in the areas of biomechanics, falling, or impact hazards" render him unqualified to render "any expert opinion in this action" (Doc. 68, at 5). Mr. Sitter has qualifications as a professional electrical engineer and company safety manager for Black & Decker, and opinions set forth in his report are both relevant and based on facts or data that he has either personally observed or of which he has been made aware. Further, his scientific, technical, or other specialized knowledge may help the trier of fact to understand the evidence or to determine a number of facts in issue. To the extent that Plaintiff believes that Mr. Sitter's credentials and experience do not provide a sufficient basis for his one or more of his opinions, or how his experience is reliably applied to the facts in this case, Plaintiff's beliefs are best brought out during voir dire of the witness. In addition, although the Court acknowledges that Mr.

Sitter's report strays beyond his area of expertise when opining as to the cause of Plaintiff's fall and injury, this does not require the preclusion of the entirety of Mr. Sitter's report and testimony where an objection at the appropriate time of Mr. Sitter's direct examination, and effective cross-examination, is sufficient in this case to cure any such issue.

### IV. CONCLUSION

For the forgoing reasons, Defendants' Motion in Limine to Preclude Plaintiff's Expert Mr. James Glancey (Doc. 57) and Plaintiff's Motion in Limine to Preclude the Report and Expert Testimony of Mr. David Sitter (Doc. 67) will be denied. This ruling, however, does not alter the parties' responsibility to raise any timely objections at trial to the expert testimony which may be warranted under the applicable Rules of Evidence. A separate Order follows.

Robert D. Mariani
United States District Judge