THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONALD PALMER, JR., :
:
    Plaintiff, :
:
v. : 3:20-CV-1084
: (JUDGE MARIANI)
BLACK & DECKER (U.S.) INC, :
d/b/a DEWALT INDUSTRIAL :
TOOL COMPANY, et al., :
:
    Defendants. :

## MEMORANDUM OPINION

### I. INTRODUCTION

The above-captioned action was filed on December 23, 2019 (Doc. 1) in the United States District Court for the Eastern District of Pennsylvania. In June 2020, the action was transferred to the United States District Court for the Middle District of Pennsylvania. The Complaint arises out of Plaintiff's slip-and-fall on ice in January of 2018 while wearing a DeWalt heated jacket. Plaintiff, Donald Palmer, Jr., asserts claims against Defendants Black & Decker (U.S.) Inc. d/b/a DeWalt Industrial Tool Company and Stanley Black & Decker, Inc. d/b/a Mac Tools for Strict Liability (Counts 1, 2), Breach of Warranty (Counts 3, 4), and Negligence (Counts 5, 6).

Trial in this matter is scheduled to commence on June 6, 2022.

Presently before the Court are Defendants' Motion in Limine to Preclude Plaintiff's Expert Dr. James Glancey from Offering Legal Opinions and Usurping the Role of the Jury

(Doc. 63) and Motion in Limine to Preclude Plaintiff's Expert Dr. Guy Fried from Offering Legal Opinions and Usurping the Role of the Jury (Doc. 61).

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F.Supp.3d at 406.

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013). *See also*,

*Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008) ("Relevance and prejudice under Rules 401 and 403 are determined in the context of the facts and arguments in a particular case, and thus are generally not amenable to broad *per se* rules."). Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

### III. ANALYSIS

Defendants move to preclude Plaintiff's medical expert, Dr. Guy Fried, and Plaintiff's liability expert, James Glancey, from offering "legal conclusions" and from "usurping the role of the jury." (Docs. 61, 63).

Pursuant to Federal Rule of Civil Procedure 704, "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Civ. P. 704(a). As explained by the Third Circuit,

> The District Court has discretion to determine whether expert testimony will help the trier of fact. *United States v. Agnes*, 753 F.2d 293, 303 (3d Cir. 1985), *abrogated on other grounds by Smith v. Borough of Wilkinsburg*, 147 F.3d 272 (3d Cir. 1998). In utilizing that discretion, however, the District Court must ensure that an expert does not testify as to the governing law of the case. Although Federal Rule of Evidence 704 permits an expert witness to give expert

3

testimony that "embraces an ultimate issue to be decided by the trier of fact," an expert witness is prohibited from rendering a legal opinion. *United States v. Leo*, 941 F.2d 181, 195-96 (3d Cir. 1991). Such testimony is prohibited because it would usurp the District Court's pivotal role in explaining the law to the jury. *First National State Bank v. Reliance Elec. Co.*, 668 F.2d 725, 731 (3d Cir. 1981) (per curiam).

*Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006).

Here, Defendants argue that Plaintiff's liability expert, Dr. Glancey, should be precluded from offering the following opinions set forth in his report:

- "The hazard created by the DeWalt battery located adjacent to the hip was unreasonably dangerous" (*see* Report of Dr. Glancey, at 10).

- "DeWalt clearly knew or should have known that impacts to the hip region of a user wearing a DeWalt heated jacket . . . was foreseeable and inevitable" (*id.*).

- "this risk was clearly unacceptable" (*id.*).

- "Several safer alternative designs exist [for heat jackets that eliminate the inherent design defect in the subject DeWalt jacket that injured Mr. Palmer]. These alternate designs would not have introduced other dangers or disadvantages that were of comparable in the magnitude to the defects present in Mr. Palmer's jacket" (*id.*).

- "The business risks to DeWalt to explore and develop a safer alternative design were low" (*id.*).

- "these defects are the proximate cause of Mr. Palmer's injuries" (*id.*).

4

Defendants argue that "[i]n these opinions, Mr. Glancey impermissibly tells the jury what conclusions to reach by drawing conclusions from the facts." (Doc. 64, at 6).  Although Plaintiff does not dispute that an expert witness is prohibited from rendering a legal opinion, Plaintiff asserts that Dr. Glancey is not providing legal opinions but is instead "providing his engineering opinions based on his factual evaluations in the case; namely whether the heated jacket posed a danger, whether a warning was provided, and whether there was a safer design." (Doc. 81, at 3).

The Court will grant in part and deny in part Defendants' motion as to Dr. Glancey. While the Court recognizes that testimony which uses words that do not carry a specialized legal meaning is more likely to be admissible, *see* 4 Weinstein & Berger, Weinstein's Federal Evidence, § 704.04[1] (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 2006), courts commonly hold that phrases that constitute legal terms of art cannot be the subject of expert testimony.  *See e.g., Flickinger v. Toys R Us-Del., Inc.*, 492 F.App'x 217, 224 (3d Cir. 2012) (affirming District Court's exclusion of paragraphs of expert report which offered legal opinions by using the terms "exclusive control", "dangerous condition", "substantial cause", and "negligence").  Thus, Dr. Glancey's statements opining as to the "proximate cause" of Mr. Palmer's injuries, the "foreseeability" of impact to the hip region, and the location of the battery as "unreasonably dangerous" will be precluded.  However, the Court will deny Defendants' motion without prejudice as to the other statements and opinions in Dr. Glancey's report identified by Defendants.  On the present record it is unclear whether Dr.

Glancey's other statements at issue are being offered as legal conclusions and constitute an attempt to invade the province of the Court and jury. The Court must await the presentation of Dr. Glancey's testimony at trial and evaluate the context within which the words are used. If, at trial, the context of Dr. Glancey's testimony, together with any subsequent questions posed to Dr. Glancey, lead Defendants to believe that Plaintiff's expert is attempting to offer legal opinions in violation of the Rules of Evidence or the case law interpreting them, then such objections may be renewed and will be ruled upon at that time.

With respect to Dr. Fried, Defendants claim that, despite not having any training as an engineer, his report "offer[s] opinions regarding the safety of the subject jacket and effectiveness of the associated warnings" (Doc. 61; Doc. 62, at 2). Specifically, Defendants argue that the following statement in Dr. Fried's report consists of "improper legal opinions and also usurp the role of the jury."

> . . . the DeWalt heated jacket worn by the patient at the time of the fall was defective and unreasonably dangerous at the time that it was introduced into the stream of commerce. There was a failure of DeWalt to warn users of the inherent hazard of falling on the battery assembly constituting a warning defect.

(Report of Dr. Fried, at 3; Doc. 62, at 2).[1]

---

[1] Defendants are disingenuous in characterizing the above-quoted statement as Dr. Fried's "opinions." Rather, Defendants purposely ignore that this statement is contained within a paragraph which summarizes James Glancey's expert report and is clearly meant to reflect the opinion of Dr. Glancey, not Dr. Fried.

In response to Defendants' motion, Plaintiff correctly notes that Dr. Fried is only summarizing Dr. Glancey's report, and further states that "Dr. Fried was not offering those opinions as his own and will not be offering opinions contained" in the paragraph at issue at trial. (Doc. 75, at 3). In light of Plaintiff's acknowledgment as to the limitations on Dr. Fried's testimony, including that Dr. Fried's testimony "is expected to be limited to the medical treatment and physical damages experienced by Plaintiff" (Doc. 75), and statement that Dr. Fried will not offer the opinions of Dr. Glancey, the Court will deny Defendants' motion without prejudice. Should Defendants believe that Dr. Fried is attempting to offer testimony for which he does not possess the requisite scientific, technical, or other specialized knowledge, or is attempting to offer a legal conclusion regarding the jacket's design and/or alleged defect of the jacket or its warning, Defendants shall timely object at trial.

### IV. CONCLUSION

For the forgoing reasons, Defendants' *in limine* motions (Docs. 61, 63) will be decided as set forth in this Memorandum Opinion. The rulings, however, do not alter the parties' responsibility to raise any objections to the evidence that the Court has not precluded at the appropriate time at trial, if warranted. A separate Order follows.

Robert D. Mariani
United States District Judge