THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONALD PALMER, JR., :
:
      Plaintiff, :
:
v. : 3:20-CV-1084
: (JUDGE MARIANI)
BLACK & DECKER (U.S.) INC, :
d/b/a DEWALT INDUSTRIAL :
TOOL COMPANY, et al., :
:
      Defendants. :

## MEMORANDUM OPINION

### I. INTRODUCTION

The above-captioned action was filed on December 23, 2019 (Doc. 1) in the United States District Court for the Eastern District of Pennsylvania. In June 2020, the action was transferred to the United States District Court for the Middle District of Pennsylvania. The Complaint arises out of Plaintiff's slip-and-fall on ice in January of 2018 while wearing a DeWalt heated jacket. Plaintiff, Donald Palmer, Jr., asserts claims against Defendants Black & Decker (U.S.) Inc. d/b/a DeWalt Industrial Tool Company and Stanley Black & Decker, Inc. d/b/a Mac Tools for Strict Liability (Counts 1, 2), Breach of Warranty (Counts 3, 4), and Negligence (Counts 5, 6).

Trial in this matter is scheduled to commence on June 6, 2022.

Presently before the Court is Defendants' Motion in Limine to Strike Plaintiff's Failure to Warn Claims (Doc. 55).

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F.Supp.3d at 406.

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v.*

*Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013). *See also*, *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008) ("Relevance and prejudice under Rules 401 and 403 are determined in the context of the facts and arguments in a particular case, and thus are generally not amenable to broad *per se* rules."). Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

## III. ANALYSIS

Defendants move to preclude Plaintiff's failure to warn claim "because there is no evidence that an alleged lack of any warning was the proximate cause of Plaintiff's injury." (Doc. 55, ¶ 10; Doc. 56, at 2).

Here, Defendants state, and Plaintiff does not specifically dispute, that the "jacket and battery did not cause plaintiff's fall" (Doc. 56, at 2).[1] However, Defendants' contentions

---

[1] Plaintiff's brief in opposition to Defendants' motion states that it is "undisputed" that Mr. Palmer slipped on the ice. (Doc. 79, at 3).

3

that "Plaintiff's own admissions establish that his own conduct was the sole proximate cause of his fall and resulting injuries" and that "[t]here is no evidence that the . . . resulting injury [from the fall] occurred only because Plaintiff fell on the battery" (*id.*), reach too far. Defendants ignore the clear possibilities that, even assuming the jacket and battery did not directly cause Mr. Palmer to fall, proof at trial may show that his resulting injuries were either entirely the result of the placement of the battery pack in the jacket or were rendered more severe due to the battery's location.

      Defendants' arguments ask this Court to impermissibly usurp the function of the jury by making factual findings in favor of Defendants. Defendants' attacks on Dr. Glancey's expert report, the facts underlying this report, and his opinions, in particular as to the necessity of a proposed warning, are all properly the subject of cross-examination, the presentation of contrary evidence, and closing argument, if appropriate. Further, Defendants' statements that "Plaintiff cannot establish that a different warning would have prevented his harm" in light of his admission that he slipped on ice, in the dark, while "groggy", and thus that "even if the jacket came with a warning regarding fall risk, it would not have prevented Plaintiff from actually falling, as his fall was due in part to ice which he admittedly failed to mitigate" (Doc. 56, at 7), present arguments that assume facts that must be litigated at trial. The foregoing include whether a "different warning", to the extent it was necessary, would have altered Plaintiff's decision to wear the jacket or to place the battery

in his hip pocket, and whether his injuries were caused, or exacerbated, by the location of the battery in the jacket. *Cf.* Pa. Suggested Standard Civil Jury Instruction 16.60 (Duty to Warn – Causation, When "Heeding Presumption for Plaintiff is Rebutted) (stating that "If you find, instead, that there were warnings or instructions required to make this product nondefective, which were not [adequately] provided by the defendant, then you must decide whether that failure by the defendant was a factual cause of the harm to the plaintiff. The question, in other words, is whether the plaintiff would have been harmed if the needed warning had been provided. If you find that the plaintiff would have acted to avoid the underlying hazard if such a warning had been provided, then you should find on this issue in favor of the plaintiff. Otherwise, you should find for the defendant."); Pa. Suggested Standard Civil Jury Instruction 16.70 (Factual Cause – Products Liability) (stating that "The plaintiff is required to prove only that the defect was a factual cause of damages beyond those that were probably caused by the original impact. The plaintiff is not required to prove that the defect caused the accident or initial impact. Also, the plaintiff is not required to prove that the defect caused specific injuries that were not the result of the original impact or collision.").

## IV. CONCLUSION

For the forgoing reasons, Defendants' Motion in Limine to Strike Plaintiff's Failure to Warn Claims (Doc. 55) will be denied. This ruling, however, does not alter Defendants' responsibility to raise any objections to the evidence at the appropriate time at trial, if warranted. A separate Order follows.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge